DOMENGEAUX, Chief Judge,
concurs in part and dissents in part.
This appeal concerns the amount of child support payments which the trial judge ordered and the fixing of the commencement date thereof.
Steven and Lauren originally agreed to a joint custody plan with Lauren being the primary custodian and Steven having visitation rights. Steven was ordered to pay $500.00 per month in child support for the two children. Ultimately, Lauren wished to have Steven take over the children, this being in the children’s best interest. This was subsequently ordered by the court.
Over the next couple of years after that, the parties were in court numerous times. Rules, were set for the fixing of child support and they were continued many times, mostly on behalf of and at the request of Lauren. Ultimately, on January 6, 1992, the hearing was held and Lauren was ordered to pay child support to Steven in the amount of $400.00 per month and he maintained sole custody of the children.
Steven appeals on two issues:
First, the date of the payments should be made retroactive under La.R.S. 9:310, and second, the trial judge erred in deviating from the child support guidelines without adequate evidence and without assigning reasons.
The majority proposes to increase the trial court’s award from $400.00 per month to 447.25 per month in accordance with the child support guidelines. I agree with this.
On the second issue, the majority proposes to affirm the date set by the trial judge for the beginning of the payment, i.e., February 1992, which, in effect, was approximately 25 days after the hearing which set the award. It concludes that good cause existed to allow the trial judge the right not to make the payments retroactive under the provisions of La.R.S. 9:310. I disagree.
The various continuances for the couple of years prior to the hearing were caused almost exclusively at the request of Lauren. I do not find that good cause existed to deviate from the mandatory provisions of the Statute. Bolstering my position is the rather weak argument made by Lauren’s attorney in his appellate brief.
Continuing further, the majority orders the $47.25 per month shortage to be paid by monthly payments in order not to create a hardship. I have no objection to an amortization, but my amortization would be based on the retroactivity, and I would increase the amortized payment of shortages to say $100.00 per month.
In conclusion, I agree to the $447.00 per month payment; I disagree to the starting date thereof and in lieu, I would have the payments commence December 7, 1990 retroactively; I would agree to amortization payments of say $100.00 per month to catch up on the arrearages; and I would assess all costs to Lauren.
For the above reasons, I respectfully concur in part and dissent in part.